## NIEBES v STATE

Ohio Appeals, 7th Dist, Lake Co

No 188.  Decided Feb 5, 1931

Anderson & Marriott, Cleveland, for Niebes.

J. Frank Pollock, Painesville, for State.

WILLIAMS & RICHARDS, JJ. (6th Dist) sitting in place of POLLOCK & ROBERTS, JJ.

The facts are stated in the opinion.

RICHARDS, J.

Ida Niebes was prosecuted in the probate court on the charge of [unawfully selling intoxicating liquors. On trial she was convicted and sentenced to pay a fine of five hundred dollars ($500.00) and costs. She prosecuted error to the court of common pleas in an attempt to secure a reversal of the judgment. She filed a motion in the court of common pleas for leave to file a petition in error, but the court of common pleas, upon consideration, overruled the motion and refused leave to file a petition in error; from that order, error is prosecuted to the Court of Appeals.

Counsel have discussed the question as to whether the plaintiff in error made her application to the court of common pleas for leave to file a petition in error within the time limited by statute and authorities have been cited bearing on that question. However, as this court looks at the matter, we do not reach the question discussed by counsel. When the motion for leave came on for hearing, the court being fully advised, found that the plaintiff in error was not entitled to file a petition in error and dismissed the application. We do not know for what reason the motion was denied, but it will be presumed that the court acted for a good and sufficient reason.

We think the rule is well established, that error will not lie from the action of the common pleas court in refusing to allow the filing of a petition in error. That rule was established many years ago when an application for leave to file a petition in error in a forcible entry and detainer case was denied. **Rothwell vs. Winterstein, 42 Oh St 249.** The question came up again in a liquor case where leave to file a petition in error in court of common pleas was refused in the case of **Canfield vs. Brabst, 71 Oh St 42.** In that case it was held that error would not lie to the refusal of leave to file a petition in error. The case just cited was followed and approved in another liquor case entitled **Walder vs. State, 82 Oh St 452.** It is unnecessary to cite further authorities. For the reasons given the petition in error will be dismissed.

Farr and Williams, JJ, concur.